IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN P. RASSBACH,

                              Petitioner,

  v.                                                  OPINION & ORDER

DENISE SYMDON and GENA JARR,[1]                   14-cv-55-jdp

                              Respondents.

---

Petitioner John P. Rassbach, a resident of Faribault, Minnesota, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging state court felony convictions for theft by fraud in St. Croix County Case No. 09CF312. The petition is fully briefed and ready for decision. After considering the parties' submissions, I conclude that Rassbach fails to show that his sentences violated federal law with respect to either of his claims, so I will deny the habeas petition.

FACTS

On November 2, 2009, petitioner John Rassbach was charged with fourteen counts of theft by fraud, contrary to Wis. Stat. § 943.20(1)(d), in conjunction with his delivery of propane and diesel fuel to thirteen customers. The first five counts were felonies and the

---

[1] Shortly after petitioner Rassbach filed his habeas petition, he was released from the DOC's custody at the McNaughton Correctional Center, onto extended supervision. The proper respondents for a habeas petition brought by a petitioner on probation are the officer supervising the petitioner and the official in charge of the probation agency. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and 1976 Advisory Committee Note. The government has provided the names of these officials in Rassbach's case, so I have amended the caption to replace the original respondent with the proper officials.

remaining nine misdemeanors, each based on the value of property at issue for each customer. The alleged value of the defrauded property for counts one through four was greater than $2,500, and for the fifth count was greater than $5,000.[2]

Rassbach used several different methods to defraud his customers. For each of the felony counts, the method used by Rassbach was printing duplicate tickets for purported diesel fuel deliveries and submitting them to multiple customers. The duplicate tickets stated identical fuel amounts and delivery times. The criminal complaint stated the details of each duplicate ticket, including the ticket number, delivery time, fuel amount, and names of customers who were billed for each ticket. With respect to each ticket, the complaint alleged that Rassbach had defrauded every customer who received it for the full amount stated on the ticket. The charges were organized by customer, and the values of the alleged losses from each transaction were combined for each customer to determine the total value of fraudulent loss for each criminal charge.

At the preliminary hearing, the felony-victim customers testified that they paid their respective fuel tickets but would not have had they known that other customers received identical tickets. The tickets showing the amount charged for each transaction were introduced as exhibits. On cross-examination, Rassbach's counsel attempted to get the customers to admit that, if they had actually received the fuel indicated on the ticket, they would have paid for it. Two customers testified that they would have paid for fuel they actually received, but most stated that they would have questioned the ticket and that there was no way to know if they actually received the fuel.

---

[2] At the time, to qualify as a felony, the value of the property taken needed to exceed $2,500. *See* Wis. Stat. § 943.20(3) (2007-08).

Ultimately, Rassbach pleaded no contest to the five felony counts and guilty or no contest to the misdemeanor counts. The court accepted the plea and sentenced Rassbach to one year of initial confinement and two years of extended supervision on each of the first four felony counts, consecutively, as well as an imposed and stayed sentence of three years of initial confinement and three years of extended supervision on the fifth felony count.

Rassbach filed a postconviction motion seeking resentencing, arguing that the complaint and preliminary hearing did not provide a factual basis for the value of the property necessary to prosecute felony charges, and that the court failed to adequately explain its rationale for giving him consecutive sentences he characterized as "near-maximum." The court denied the motion. Rassbach raised the same arguments on appeal. On June 4, 2013, the Wisconsin Court of Appeals rejected these arguments and affirmed the conviction. *State v. Rassbach*, 2013 WI App 94, 349 Wis. 2d 526, 835 N.W.2d 291 (unpublished). The Wisconsin Supreme Court denied Rassbach's petition for review on October 21, 2013. *State v. Rassbach*, 2013 WI 87, 350 Wis. 2d 730, 838 N.W.2d 638 (unpublished).

## ANALYSIS

**A. Review under 28 U.S.C. § 2254(d)**

Rassbach raises the following claims in his petition: (1) the trial court accepted his plea without having a factual basis for the amount of loss on each of the felony counts; and (2) the circuit court did not explain the reasons for giving him "near maximum or maximum" sentences consecutive to each other.

This court's authority to issue habeas corpus relief for persons in state custody is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. Section 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

This court may issue a writ under the "contrary to" clause of § 2254(d)(1) if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court opinions but unreasonably applies it to the facts of the particular case. *Id*. at 407-08.

This standard places a high burden on the petitioner. *Metrish v. Lancaster*, 133 S. Ct. 1781, 1786 (2013) ("This standard . . . is 'difficult to meet.'" (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011))). "Clearly established law" must be set out in the holdings of Supreme Court decisions. *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014). "[A]n 'unreasonable application of' those holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *Id*. (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75-76

4

(2003)). Rather, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

The relevant state court decision for this court's review is the opinion issued by the Wisconsin Court of Appeals. *Stevens v. McBride*, 489 F.3d 883, 902 n.2 (7th Cir. 2007) ("For purposes of our review . . . the operative state-court decision 'is that of the last state court to address the claim on the merits.'" (quoting *Garth v. Davis*, 470 F.3d 702, 710 (7th Cir. 2006))).

## B. Rassbach's claims

### 1. Failure to prove felony amount of thefts

Rassbach challenges his five felony convictions for theft by fraud, contending that the trial court accepted his plea without having sufficient facts to show that the value of property he stole from each customer exceeded $2,500, which was necessary for a felony-level crime.

Rassbach initially focuses on Wisconsin law plea requirements. He states that Wis. Stat. § 971.08(1)(b) "requires a trial court to '[m]ake such inquiry as satisfies it that defendant in fact committed the crime charged,'" and that "in order to not only bind Rassbach over for a felony level offense, but then also convict him of such a felony level offense, and impose a felony level punishment, the trial court would have to find clear and convincing evidence that Rassbach obtained title to property from his victim's in each of the five counts, which had a value of at least $2,500.00." Dkt. 21 at 12.

But this confuses Wisconsin's plea requirements with constitutional requirements. This court cannot grant Rassbach's habeas petition based on a violation of state law. Pleas

5

violating "factual-basis" requirements found in state law (like the provision Rassbach cites) do not necessarily violate the Constitution. *Higgason v. Clark*, 984 F.2d 203, 207-08 (7th Cir. 1993). Nor does the court have to "find clear and convincing evidence" of the crimes to accept his plea. The real question is whether Rassbach's plea was a knowing, intelligent, and voluntary choice among the alternative courses of action open to him. This means that Rassbach needed to have real notice of the nature of the charges against him, *Henderson v. Morgan*, 426 U.S. 637, 645 (1976), and possess an understanding of the law in relation to the facts. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Courts *can* find a plea involuntary or unknowing if "it is impossible to find guilt from the facts stated as the factual basis for the plea," *Higgason*, 984 F.2d at 208 (internal quotation omitted); or if the record fails to reveal "facts from which the court could reasonably infer that petitioner was actually guilty of the charge," *Arias v. United States*, 484 F.2d 577, 580 (7th Cir. 1973).

Rassbach contends that the state did not "prove" the total amount of fraud as to each of the five felony-victim customers. He argues that none of the customers explicitly testified at the preliminary hearing about the amount of fuel they actually failed to receive, and each ticket used as an exhibit "itself had no value." Dkt. 21, at 12. Similarly, he argues that because the felony counts were based on *duplicate* tickets, the state could not show which customers actually received the fuel and which were defrauded, for each set of duplicates. Rassbach states that the customers "were defrauded only if they paid for the[] fuel they did not receive." *Id*. at 14. He also argues that the complaint cannot be used as evidence against him and that he never actually admitted guilt.

These arguments show Rassbach's misunderstanding of the plea process. For Rassbach's plea to be voluntary, the state did not have to *prove* beyond a reasonable doubt, or

6

even, as Rassbach argues, by "clear and convincing evidence," that each of the five customers was actually defrauded by amounts of more than $2,500. The complaint,[3] testimony at the preliminary hearing, and the tickets submitted at the hearing showed how Rassbach presented duplicate tickets to two or three customers at a time. Rassbach maintains that the complaint cannot be used as evidence against him, which is largely incorrect even under Wisconsin "factual basis" law as opposed to the more stringent (for Rassbach) constitutional standards applicable to this habeas petition.[4] *See State v. Black*, 2001 WI 31, ¶ 14, 242 Wis. 2d 126, 624 N.W.2d 363 ("In essence, Black urges us to overturn this rule and find that a circuit court cannot find a factual basis for a plea in the complaint alone. We find no law in support of Black's position.").[5] But in any event, even without the complaint, the preliminary hearing testimony and duplicate fuel tickets establish the charges against Rassbach.

---

[3] The criminal complaint is not part of the record here, but Rassbach does not argue that the court of appeals was incorrect when it said that "the complaint explained how the values were calculated, to the penny." *State v. Rassbach*, 2013 WI App 94, ¶ 9, 349 Wis. 2d 526, 835 N.W.2d 291.

[4] On appeal, Rassbach compared his case to *White v. State*, 85 Wis. 2d 485, 493, 271 N.W.2d 97 (1978), a case in which the court concluded that the value of a stolen chainsaw could not be established by only an unsupported statement in the complaint. The court of appeals responded to this argument by noting that the value of loss to each customer Rassbach defrauded was established by the duplicate fuel tickets and preliminary hearing testimony, not just a conclusory statement in the complaint. *Rassbach*, 2013 WI App 94, ¶ 9.

[5] In his reply brief, Rassbach states in conclusory fashion that "there is no evidence that [he] understood" the language in his plea questionnaire stating that he understood that the judge would find him guilty based on information in the complaint and preliminary hearing. Besides the fact that Rassbach does not develop this argument in any meaningful way, it is far too late for him to bring it after failing to raise it to the state courts or in his brief-in-chief here.

As for Rassbach's contention that he never admitted guilt, that is of course the point of a no contest plea.[6] His refusal to admit guilt regarding the amount of loss for each customer does not mean that he was incapable of making a knowing and voluntary plea for those charges.

Rassbach argues that it was impossible for him to have defrauded each customer receiving a duplicate ticket because *someone* received the fuel reflected in the tickets. Based on the evidence, it's possible that some of the customers actually received some of the fuel represented on the tickets. But this is not the only reasonable inference, as the state argued at the preliminary hearing:

> The fact of the matter is it is not only --- not only is it a reasonable inference that at least one of the customers received no fuel, it's an equally reasonable inference that neither customer received any fuel and that the fuel was delivered to some other person and then duplicate tickets were simply created and mailed off to the customers for purposes of billing.

Dkt. 12 at 36-37. As the court of appeals reasonably concluded from the record, "it is evident from the preliminary hearing record that Rassbach understood the State's theory for valuing the amount he defrauded each victim. It was clear the State was relying on the amount of the duplicate tickets without subtracting any amount for fuel that might have actually been delivered." *Rassbach*, 2013 WI App 94, ¶ 13.

Therefore, the factual basis for the charges was sufficient to show that Rassbach's plea was knowing and voluntary under the rules articulated by the federal cases discussed above.

---

[6] The transcript of the plea hearing shows that Rassbach chose a no contest plea to avoid preclusive effects of his plea on a parallel civil consumer enforcement action brought by the state. Dkt. 18, at 3; *see also State v. Rassbach*, 2013 WI App 115, 350 Wis. 2d 506, 838 N.W.2d 136 (Rassbach's appeal of the judgment entered against him in the consumer enforcement action).

The court of appeals correctly concluded that Rassbach understood the nature of the charges and facts supporting each charge, including the amount he stole from each customer. As the court of appeals noted, if Rassbach truly believed that the state could not prove the charges against him, he should have gone to trial and raised his arguments here as defenses. *See id.* at ¶ 12. ("he suggests that in each instance one customer must have actually received the fuel as stated on each of the duplicated tickets. However, this is not truly a factual-basis argument. Rather, it is an argument that Rassbach had a defense to some of the alleged frauds. Had Rassbach wished to pursue this defense . . . he could have exercised his right to a trial.").

2. **Explanation of sentences**

Rassbach also brought a claim that the sentencing court failed to adequately explain its rationale for giving him consecutive sentences he characterized as "near-maximum." In the court's Rule 4 order, I characterized this claim as one under the Eighth Amendment for disproportionate sentence. Dkt. 5, at 5 (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983) (sentence violates Eighth Amendment if it is extreme and "grossly disproportionate" to crime); *United States v. Vasquez*, 966 F.2d 254, 261 (7th Cir. 1992) ("[Sentence] that falls within legislatively prescribed limits will not be considered disproportionate unless the sentencing judge has abused his discretion.").

The state contends that Rassbach (1) has stated at best a claim under state law because the Constitution does not require a sentencing court to explain its sentence; (2) procedurally defaulted an Eighth Amendment claim by not raising it to the court of appeals (as opposed to a state law claim for failure to properly explain the sentence); and (3) abandoned the claim by not addressing it in his brief-in-chief.

I agree that it is questionable whether Rassbach procedurally defaulted an Eighth Amendment claim by not raising it to the court of appeals, instead focusing on Wisconsin law about a court's duty to explain its sentence. However, it is not obvious that he has defaulted given the similarity between the standards governing Rassbach's state law claim and the federal standard. *Compare McCleary v. State*, 49 Wis. 2d 263, 282, 182 N.W.2d 512, 522 (1971) (circuit court's failure to delineate the factors that influenced its decision constitutes an erroneous exercise of discretion) *with Vasquez*, 966 F.2d at 261 (sentence could be disproportionate if sentencing judge abused discretion).

But even if Rassbach did not procedurally default an Eighth Amendment claim, his duty in these § 2254 proceedings is to show that the Wisconsin Court of Appeals' decision was contrary to, or involved an unreasonable application of, clearly established federal law. The court of appeals stated as follows regarding this claim:

> It appears the circuit court here failed to set forth the "linkage" between the sentencing factors and the component parts of the sentence. Nonetheless, the court sufficiently set forth its rationale for the global sentence imposed. Indeed, Rassbach acknowledges that the court identified and analyzed each of the three primary sentencing factors. . . .
>
> The court further emphasized during sentencing that Rassbach's crimes involved loss of trust . . . .

*Rassbach*, 2013 WI App 94, ¶¶ 19-20.

Rassbach does not address the court of appeals' reasoning in his briefing. The vast majority of his briefing discusses his claim about the factual basis for his plea. The only argument Rassbach raises about the sentence is that it was excessive because he should have been sentenced to misdemeanors, and he was forced to serve more time than the misdemeanor maximum penalty. *See* Dkt. 21, at 11; Dkt. 26, at 9. But this is a conclusion

rather than an argument. Rassbach needs to show *why* the felony sentences were erroneous. Instead, he fails to present any argument for how the court of appeals incorrectly applied federal law in upholding his felony sentences. Therefore I must deny his habeas petition on this claim.

## C. Certificate of appealability

Under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, I conclude that Rassbach has not made a showing, substantial or otherwise, that his conviction was obtained in violation of clearly established federal law as decided by the Supreme Court. Because reasonable jurists would not otherwise debate whether a different result was required, I will not issue Rassbach a certificate of appealability.

ORDER

IT IS ORDERED that:

1. John P. Rassbach's petition for a writ of habeas corpus under 28 U.S.C. § 2254, Dkt. 3, is DENIED, and this case is DISMISSED. The clerk of court is directed to enter judgment for respondents and close this case.

2. A certificate of appealability is DENIED. If petitioner wishes, he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered January 23, 2017.

                          BY THE COURT:

                          /s/

                          _____
                          JAMES D. PETERSON
                          District Judge